NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NGAN KAM SZE, : | |
| : | **Civil Action No. 11-03293 (SRC)** |
| Petitioner, : | |
| : | **OPINION** |
| v. : | |
| : | |
| JANET NAPOLITANO, Secretary of the : | |
| Department of Homeland Security, et al., : | |
| : | |
| Respondents. : | |

**CHESLER**, District Judge

This matter comes before the Court on motion for summary judgment by Respondents (collectively, the "Government") [docket entry 3] pursuant to Federal Rule of Civil Procedure 56(a). Petitioner Ngan Kam Sze ("Petitioner" or "Sze") has opposed the motion [docket entry 4], and in turn has filed a cross-motion to hold the proceedings in abeyance [docket entry 7]. The Government has opposed the cross-motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Government's motion for summary judgment will be granted and Petitioner's cross-motion will be denied.

## I.    BACKGROUND

Petitioner, Ngan Kam Sze, is a native and citizen of China who legally entered the United States in or about May 2000, but overstayed her B2 visa and accompanying extensions. While

Petitioner claims to lack any knowledge of the proceedings, an I-589 application for asylum was filed on her behalf on April 23, 2003.  The asylum application was subsequently referred to an Immigration Judge and on December 4, 2003, Petitioner was ordered removed *in absentia*.  That removal order has never been appealed.

Petitioner married a U.S. citizen sometime in 2003.  On the basis of that marriage, her husband filed an I-130, Petition for Alien Relative, on her behalf, and Petitioner filed an I-485, Application to Register Permanent Residence or Adjust Status.  Upon the receipt of notice of Petitioner's I-485 application, Sze was assigned the alien number A# 099-105-564.  Petitioner was eventually granted conditional permanent residency, but her permanent resident card was issued with a different alien number, A# 097-152-346.  Two years later, Petitioner applied for and was granted removal of the conditions of residence.  On that application, Petitioner used A# 097-152-346.

In 2008, Petitioner filed an N-400 application for naturalization.  However, as a result of her final order of removal in relation to her asylum application, on or about September 30, 2010, Petitioner's naturalization application was denied.  According to Petitioner, the asylum application was falsely filed on her behalf without her knowledge or consent, likely by an immigration agency she previously employed to obtain an extension of status.  As such, Petitioner initiated the instant matter in order the challenge the Attorney General's denial of her application for naturalization.  The Government now moves for summary judgment.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."  *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)).  "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must

establish that a genuine issue as to a material fact exists.  *Jersey Cent. Power & Light Co. v. Lacey Township*, 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial.  *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990).  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

### B.    Discussion

The Government claims that since Petitioner is subject to a final order of removal, pursuant to 8 U.S.C. § 1252, this Court lacks jurisdiction to review the denial of her application for naturalization.  The parties do not dispute the facts relating to these claims.  Petitioner simply contends that this Court possesses unqualified jurisdiction to review her naturalization application.

In 1990, Congress removed from the courts the authority to naturalize, bestowing upon

4

the Attorney General "the sole authority to naturalize persons as citizens of the United States."  8 U.S.C. § 1421(a).  District courts, however, were given the authority to conduct reviews of denials of applications for naturalization.  *See* 8 U.S.C. § 1421(c).  "Such review shall be *de novo*, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing *de novo* on the application."  8 U.S.C. § 1421(c).  However, a district court that exercises § 1421(c) jurisdiction can review only those decisions that § 1429 permits the Attorney General to make.  *Zayed v. United States*, 368 F.3d 902, 906 (6th Cir. 2004) (citing *Apokarina v. Ashcroft*, 232 F. Supp. 2d 414, 416 (E.D. Pa. 2002) ("[T]he district court's scope of review of the denial of a naturalization petition, pursuant to section 1421(c), cannot be any greater than the authority of the Attorney General to consider the petition on the first place.")); *see also Ajlani v. Chertoff*, 545 F.3d 229, 239 (2d Cir. 2008).

Under the current statutory scheme, "no person shall be naturalized against whom there is outstanding a final finding of deportability."  8 U.S.C. § 1429.  Because this Court's scope of review of the denial of a naturalization petition cannot be any greater than the authority of the Attorney General to consider the petition in the first place, jurisdiction here is limited to a review of the determination by the Attorney General that a final removal order has, in fact, been entered against the Petitioner.  Since, in this case, it is undisputed that a final order of removal was entered against Petitioner on December 4, 2003, this Court lacks jurisdiction to consider her request for review of her petition for naturalization on any other grounds, including that the asylum application was filed on her behalf without her knowledge or consent.[1]  Instead, "the

---

[1]  Plaintiff relies on *Kestelbom v. Chertoff*, 538 F. Supp. 2d 813 (D.N.J. 2008), where it was held that a district court can review the Attorney General's denial of a naturalization

courts of appeals have exclusive jurisdiction to hear challenges to final orders of removal"
pursuant to 8 U.S.C. § 1252(a)(5).  *Ovalle v. DHS*, No. 09-3820, 2010 U.S. Dist. LEXIS 137555
at *7 (E.D.N.Y. Nov. 24, 2010); *Roche v. United States*, No. 10-4237, 2010 U.S. Dist. LEXIS
111421 at *3 (D.N.J. Oct. 19, 2010) ("if and when a final order of removal is entered against the
petitioner, and if he first exhausts all his administrative remedies, then he can raise any
otherwise-proper challenge to his removal proceeding and final order of removal in the Court of
Appeals for the judicial circuit in which the Immigration Judge completes the proceeding.").

Petitioner additionally filed a cross-motion to hold in abeyance all proceedings on the
Government's motion for summary judgment pending the reopening and termination of
Petitioner's immigration court proceedings.  However, this Court sees no valid purpose for
staying this motion.  If the Immigration Jude grants Petitioner's motion and reverses the order of
removal, Petitioner would be free to pursue her application for citizenship with USCIS.
Alternatively, if the Immigration Judge (and subsequently the Board of Immigration Appeals)
denies her motion, then the appropriate forum for Petitioner's appeal is the Second Circuit rather
than this Court.  As such, there is no basis for staying these proceedings and Petitioner's cross-
motion will be denied.

---

application where removal proceedings are pending, and order the Attorney General to naturalize
a petitioner without violating section 1421(c).  However, removal proceedings are not pending
against Petitioner in the present matter.  Rather, Petitioner has been ordered removed.  As the
court in *Kestelbom* additionally held, where there is a final finding of removability, Congress
mandated that "no one shall be naturalized," precluding all actions pertaining to a naturalization
application.  *Kestelbom*, 538 F. Supp. 2d at 818.

**III.    CONCLUSION**

For the foregoing reasons, this Court will grant the Government's motion for summary

judgment and deny Petitioner's cross-motion to hold proceedings in abeyance.  An appropriate

form of order will be filed together with this Opinion.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: September 12, 2011

7